# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SMITHCO MANUFACTURING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HALDEX BRAKE PRODUCTS CORPORATION, <br><br> Defendant. | No. C 09-4016-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION IN LIMINE** |

_____

In this case, plaintiff SmithCo Manufacturing, Inc., (SmithCo) asserts claims arising from the substitution by defendant Haldex Brake Products Corporation (Haldex) of a different air control valve for the one Haldex had previously supplied, which SmithCo uses in the suspension system of the side-dump trailers that it manufactures. SmithCo alleges that, when one of its employees contacted Haldex to explain the discrepancy in the appearance of the substituted valve and to question whether the right part had been shipped, a Haldex order clerk told SmithCo's employee that the substituted valve would perform the same as the old valve. SmithCo alleges, however, that the substituted valve caused damage to the suspension system of side-dump trailers sold to a number of SmithCo's customers.

In a Petition (docket no. 4) filed on January 20, 2009, in the Iowa District Court for Plymouth County, SmithCo asserts the following claims: (1) negligence, in **Count I**, consisting of (a) negligently selling a substitute air control valve claiming that it performed to the same standards and specifications as the valve SmithCo had originally ordered from Haldex; (b) negligently failing to perform the contract skillfully, carefully, and diligently; and (c) negligently failing to supervise its employees; and (2) breach of implied warranty

of fitness for a particular purpose, in **Count II**. Haldex removed this action to this federal court, on the basis of diversity jurisdiction, on February 24, 2009, and filed an Answer (docket no. 5) on March 2, 2009, denying SmithCo's claims and asserting numerous affirmative defenses. Trial in this matter is currently set to begin on July 12, 2010.

This case is before the court on Haldex's January 29, 2010, Motion In Limine (docket no. 27) to exclude testimony and opinions of SmithCo's expert witness and on Haldex's January 29, 2010, Motion For Summary Judgment (docket no. 29) on SmithCo's claims. SmithCo filed its Resistance (docket no. 33) to Haldex's Motion In Limine on February 18, 2010, and its Resistance (docket no. 34) to Haldex's Motion For Summary Judgment on February 19, 2010. Haldex filed Replies (docket nos. 35 & 36) in support of both motions on February 26, 2010.

The court notes that Haldex seeks summary judgment on SmithCo's claim of negligent misrepresentation on the ground that SmithCo could not have justifiably relied on any representation by Haldex concerning the performance of the substituted valve, because SmithCo never communicated to Haldex its particular purpose and specific exhaust rate requirements for the air control valve, and on the ground that Haldex could not have failed to exercise reasonable care in communicating information about the valve when Haldex did not know the particular purpose for which the valve was intended. Haldex also asserts that SmithCo cannot prove "causation" in support of this negligence claim. The court finds, however, that there may be more fundamental flaws with SmithCo's negligent misrepresentation claim that would make it plain error for the court to submit such a claim to a jury.

First, the Iowa Supreme Court has recognized that "a negligent misrepresentation claim may only be brought against 'a person in the profession or business of supplying information.'" *Barnhill v. Iowa Dist. Court for Polk County*, 765 N.W.2d 267, 274 (Iowa

2009) (quoting *Meier v. Alfa-Laval, Inc.*, 454 N.W.2d 576, 581 (Iowa 1990)). More specifically still, "[t]he cause of action is not available against product manufacturers or product sellers who supply information about the product in connection with its sale." *Id.* (citing *Meier*, 454 N.W.2d at 581, and *Haupt v. Miller*, 514 N.W.2d 905, 910 (Iowa 1994)).[1] SmithCo has not alleged that Haldex is in the profession or business of supplying information, only that it is "engaged in the business of selling air control valves." Petition at ¶ 2.

Second, SmithCo's negligent misrepresentation claim—and, indeed, all of SmithCo's negligence claims—may be precluded, entirely or in part, by the "economic loss doctrine." *See, e.g.*, *Determan v. Johnson*, 613 N.W.2d 259, 261-63 (Iowa 2000); *Richards v. Midland Brick Sales Co. ., Inc.*, 551 N.W.2d 649, 650 (Iowa Ct. App. 1996); *see also Tapestry Village Place Indep. Living, L.L.C. v. Village Place at Marion, L.P.*, 771 ns 651, 2009 WL 12112234, *4-*5 (Iowa Ct. App. 2009) (table op.) (negligent misrepresentation claim); *Van Sickle Constr. Co. v. Wachovia Comm. Mortg., Inc.*, 759 N.W.2d 812, 2008 WL 4725153, *4-*7 (Iowa Ct. App. 2008) (table op.) (negligent misrepresentation claim).

Consequently, the court believes that summary judgment in Haldex's favor on the negligent misrepresentation claim or all of the negligence claims, in whole or in part, may be appropriate on grounds not asserted by Haldex in its motion. On the other hand, the Eighth Circuit Court of Appeals "ha[s] repeatedly held that in the Eighth Circuit, a district

---

[1]Indeed, in *Barnhill*, the Iowa Supreme Court held that "a reasonably competent attorney would have ascertained whether negligent misrepresentation is an available cause of action against manufacturers or product sellers (and their corporate officers) before filing suit," and because the attorney had not done so, the district court had not abused its discretion in ruling that the attorney violated Rule 1.413 of the Iowa Rules of Civil Procedure. *Barnhill*, 765 N.W.2d at 275.

3

court commits reversible error when it grants summary judgment on an issue not raised or discussed by the parties." *Heisler v. Metropolitan Council*, 339 F.3d 622, 631 (8th Cir. 2003) (citing cases); *accord King v. Hardesty*, 517 F.3d 1049, 1063-64 (8th Cir. 2008) (citing *Heisler* to hold that the district court improperly granted summary judgment *sua sponte* on a claim on a ground never asserted by the moving party). The remedy to this conundrum is to require the parties to brief the following questions: (1) whether or not summary judgment should be granted on SmithCo's claim of negligent misrepresentation on the ground that such a claim will not lie against Haldex as a manufacturer and seller of products, not an entity in the profession or business of supplying information, and (2) whether summary judgment should be granted in whole or in part on SmithCo's negligence claims on the ground that the "economic loss doctrine" bars or limits such claims.

THEREFORE,

1. The parties are required to submit supplemental briefs on Haldex's Motion For Summary Judgment concerning the following questions:

    a. Whether or not summary judgment should be granted on SmithCo's claim of negligent misrepresentation on the ground that such a claim will not lie against Haldex as a manufacturer and seller of products, not an entity in the profession or business of supplying information; and

    b. Whether or not summary judgment should be granted, in whole or in part, on SmithCo's negligence claims on the ground that the "economic loss doctrine" bars or limits such claims.

2. The supplemental briefs required in paragraph 1 shall be submitted according to the following deadlines:

a. Haldex's supplemental brief, not to exceed ten pages, shall be filed **not later than March 25, 2010**;

b. SmithCo's supplemental response, not to exceed ten pages, shall be filed **not later than April 1, 2010**; and

c. Haldex's supplemental reply, if any, not to exceed five pages, shall be filed **not later than April 8, 2010.**

**IT IS SO ORDERED.**

**DATED** this 11th day of March, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA