# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SMITHCO MANUFACTURING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HALDEX BRAKE PRODUCTS CORPORATION, <br><br> Defendant. | No. C 09-4016-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION IN LIMINE** |

_____

In this case, plaintiff SmithCo Manufacturing, Inc., (SmithCo) asserts claims arising from the substitution by defendant Haldex Brake Products Corporation (Haldex) of a different air control valve for the one Haldex had previously supplied, which SmithCo uses in the air suspension system of the side-dump trailers that it manufactures. SmithCo alleges that, when one of its employees contacted Haldex to ask about the discrepancy in the appearance of the substituted valve and to question whether the right part had been shipped, a Haldex order clerk told SmithCo's employee that the substituted valve would perform "the same" as the old valve. SmithCo alleges, however, that the substituted valve caused damage to the suspension systems of side-dump trailers sold to a number of SmithCo's customers.

In a Petition (docket no. 4) filed on January 20, 2009, in the Iowa District Court for Plymouth County, SmithCo asserts the following claims: (1) in **Count I**, negligence, consisting of (a) negligently selling a substituted air control valve claiming that it performed to the same standards and specifications as the valve SmithCo had originally ordered from Haldex; (b) negligently failing to perform the contract for the sale and purchase of valves skillfully, carefully, and diligently; and (c) negligently failing to

supervise its employees; and (2) in **Count II**, breach of implied warranty of fitness for a particular purpose. Haldex removed this action to this federal court, on the basis of diversity jurisdiction, on February 24, 2009, and filed an Answer (docket no. 5) on March 2, 2009, denying SmithCo's claims and asserting numerous affirmative defenses. Trial in this matter is currently set to begin on July 12, 2010.

This case is before the court on Haldex's January 29, 2010, Motion In Limine (docket no. 27) to exclude testimony and opinions of SmithCo's expert witness and on Haldex's January 29, 2010, Motion For Summary Judgment (docket no. 29) on SmithCo's claims. SmithCo filed its Resistance (docket no. 33) to Haldex's Motion In Limine on February 18, 2010, and its Resistance (docket no. 34) to Haldex's Motion For Summary Judgment on February 19, 2010. Haldex filed Replies (docket nos. 35 & 36) in support of both motions on February 26, 2010.

By Order (docket no. 37), dated March 11, 2010, the court *sua sponte* ordered the parties to submit supplemental briefs on the following questions: (1) Whether or not summary judgment should be granted on SmithCo's claim of negligent misrepresentation on the ground that such a claim will not lie against Haldex as a manufacturer and seller of products, not an entity in the profession or business of supplying information; and (2) whether or not summary judgment should be granted, in whole or in part, on SmithCo's negligence claims on the ground that the "economic loss doctrine" bars or limits such claims. On March 24, 2010, SmithCo filed a Resisted Motion For Voluntary Dismissal Of Negligence Claim (docket no. 38), seeking dismissal of its negligence claim, with prejudice, representing that SmithCo "believes that this case more properly sounds in warranty," but that Haldex had indicated that it would not consent to the dismissal when the court had ordered supplemental briefing on the negligence claim. By Order (docket no. 39), dated March 24, 2010, the court granted SmithCo's motion for dismissal, with

prejudice, of its negligence claim, and determined that the supplemental briefing the court had ordered was now moot and no longer required. Thus, the only claim still at issue in Haldex's motion for summary judgment is SmithCo's breach of implied warranty claim.

On March 25, 2010, however, SmithCo filed its Resisted Motion For Leave To Amend (docket no. 40), seeking leave, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to add claims of breach of express warranty and promissory estoppel. On April 1, 2010, Haldex filed a Brief In Opposition To Plaintiff's Motion For Leave To Amend (docket no. 42). Chief United States Magistrate Judge Paul A. Zoss heard oral arguments on SmithCo's Motion For Leave To Amend on April 2, 2010, after which he allowed SmithCo to file a reply brief by April 5, 2010, to address whether there was any good cause for the delay in filing SmithCo's motion to amend, as required by Rule 16 of the Federal Rules of Civil Procedure, when the motion to amend was filed after the expiration of the deadline for such a motion in the court's scheduling order. *See* Hearing Minutes (docket no. 43). On April 5, 2010, SmithCo filed the authorized reply, denominated Supplemental Brief And Argument Regarding Motion To Amend Complaint (docket no. 44). That same day, Judge Zoss filed an Order (docket no. 45) denying SmithCo's motion for leave to amend on the ground that SmithCo had failed to show good cause for the delay in filing the motion. Thus, the only claim still at issue in this case is the breach of implied warranty claim addressed in Haldex's motion for summary judgment.

The parties have not requested oral arguments on Haldex's motions in limine and for summary judgment in the manner required by N.D. IA. L.R. 7.c, or 56.g., and the court does not believe that oral arguments are likely to be of assistance to the court. Therefore, the pending motions will be decided on the written submissions.

Motions for summary judgment essentially "define disputed facts and issues and . . . dispose of unmeritorious claims [or defenses]." *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1982 (2007); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . ."). Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue of *material* fact and that the moving party is entitled to a judgment as a matter of law." *Id.* 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."). A fact is *material* when it "'might affect the outcome of the suit under the governing law.'" *Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Thus, "the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. An issue of material fact is *genuine* if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question," *Woods*, 409 F.3d at 990 (quoting *Anderson*, 477 U.S. at 248); *see Diesel Machinery, Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (stating genuineness depends on "whether a reasonable jury could return a verdict for the non-moving party based on the evidence").

With these standards in mind, the court turns to consideration of Haldex's Motion For Summary Judgment. Indeed, the court finds that its analysis of that motion will obviate the need to consider Haldex's Motion In Limine.

In its opening brief in support of its motion for summary judgment on SmithCo's claim of breach of implied warranty of fitness for a particular purpose, Haldex argues that

4

SmithCo has failed to generate genuine issues of material fact on the "causation" element of this claim—just as it failed to do so as to its now-dismissed negligence claims—because of the inadequacy of SmithCo's expert's testimony. Haldex also argues that this claim fails, because SmithCo has failed to generate any genuine issue of material fact that SmithCo ever told Haldex the particular purpose for which the air control valve was intended or any specific exhaust rate requirements for such a valve. Rather, SmithCo simply ordered a valve out of a catalogue. Indeed, Haldex argues that SmithCo's retention of its expert to determine the differences between the air control valves shows that SmithCo was not even aware of the particular operating characteristics, such as a specific exhaust rate, that it required from the air control valves incorporated into its side-dump trailers.

In response, SmithCo argues that it is not required to prove that SmithCo told Haldex the particular purpose for which the valve was intended, only that Haldex had reason to know of SmithCo's particular purpose. SmithCo argues that, taking the facts in the light most favorable to it, it has generated genuine issues of material fact on this and the other elements of its breach of implied warranty claim. More specifically, SmithCo argues that, where its employee referred to the valve in question by part number, it was communicating specific performance specifications, and when its employee was told by a Haldex employee that the substituted valve would perform "the same" as the valve it replaced, SmithCo's employee believed that he was being told that the substituted valve would have the same specifications, including air flow rates, as the valve it replaced. This is enough, SmithCo argues, to generate a genuine issue of material fact that Haldex was aware that SmithCo intended to use the substituted valve in the same application as the old valve, so that reasonable jurors could find that Haldex was aware that SmithCo intended the same particular purpose for the substituted valve as it had for the old valve. SmithCo

5

argues that it was not required to communicate specific air flow requirements to Haldex. SmithCo argues that its evidence suggests more than identity of its "particular purpose" with the "ordinary purpose" of air control valves, because Haldex knew that the "particular purpose" for which SmithCo intended to use the valve was to use it as a substitute for the old valve based on a Haldex employee's representation that the substituted valve would perform the same as the old valve. SmithCo also argues that whether or not a warranty of fitness for a particular purpose arises is ordinarily a question of fact determined from the circumstances of the parties' negotiations.

In reply, Haldex contends that SmithCo has finally identified in its resistance brief its alleged "particular purpose" for the air control valves, and that "particular purpose" is exhausting air as quickly as possible from an air suspension system to lower the trailer back down to its normal ride height. Haldex contends, however, that SmithCo never communicated this particular purpose to Haldex. Haldex also argues that SmithCo has not offered any proof of the specifications in the literature for the old valve on which it was purportedly relying or that the substituted valve failed to conform to those specifications. Haldex also reiterates its contention that SmithCo cannot prove causation on this claim, because SmithCo admits that the substituted valve is not defective and performed as designed, and because of the inadequacy of SmithCo's expert's opinion on causation.

Iowa law recognizes both statutory and common-law implied warranties of fitness for a particular purpose. *See Chicago Cent. & Pac. R.R. Co. v. Union Pac. R.R. Co.*, 558 N.W.2d 711, 715 (Iowa 1997); IOWA CODE § 554.2315 (2001). SmithCo appears to assert a statutory claim, for example, by citing IOWA CODE § 554.2315 as the basis for its claim in its summary judgment brief. Recovery under the statutory theory requires proof of the following elements: (1) the seller had reason to know of the buyer's particular purpose; (2) the seller had reason to know the buyer was relying on the seller's skill or judgment

6

to furnish suitable goods; and (3) the buyer in fact relied on the seller's skill or judgment to furnish suitable goods. *Renze Hybrids, Inc. v. Shell Oil Co.*, 418 N.W.2d 634, 637 (Iowa 1988); *Van Wyk v. Norden Labs., Inc.*, 345 N.W.2d 81, 84 (Iowa 1984). As to the first element, although the predecessor to § 554.2315 required the buyer to make the particular purpose known to the seller, expressly or by implication, the present version does not; rather, the buyer must show that the seller "had reason to know" of any particular purpose the buyer intended. *Renze*, 418 N.W.2d at 637; *see also Bergquist v. Mackay Engines, Inc.*, 538 N.W.2d 655, 658 (Iowa Ct. App. 1995) (stating, "While a purchaser need not show he advised the seller of the particular purpose in purchasing the goods, he must nevertheless show that the seller had reason to know of that purpose," and citing *Farm Bureau Mutual Insurance Co. v. Sandbulte*, 302 N.W.2d 104, 111 (Iowa 1981)).

Comment 2 to UCC § 2-315, contained in IOWA CODE § 554.2315, explains the difference between a "particular purpose" and the "ordinary purpose" of goods as follows:

> A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

*See also Renze*, 418 N.W.2d at 637 (quoting all but the last sentence of this definition). Thus, a request for the "best product" to deal with a "specific problem" is sufficient to define a buyer's "particular purpose" within the meaning of § 554.2315. *Renze*, 418 N.W.2d at 637. The Iowa Court of Appeals has rejected the contention that the nature of

the product alone is sufficient to alert the seller to the particular purpose for which it is intended. *Bergquist*, 538 N.W.2d at 658 (nature of an engine, alone, was not sufficient to have alerted the seller that it was intended for mud racing purposes, even if it was clear that it was a racing engine). On the other hand, "'the warranty of fitness under section 554.2315 is said to turn on the "bargain-related" facts as to what the seller had reason to know about the buyer's purpose for the goods and about his reliance on the seller's skill or judgment in selecting them.'" *Id.* at 638 (quoting *Van Wyk*, 345 N.W.2d at 84).

The court finds that SmithCo has failed to generate any genuine issues of material fact that Haldex "had reason to know" of SmithCo's particular purpose for the air control valve. *Id.* at 637. The court specifically rejects SmithCo's contentions that, by asking if it had been sent the right valve, SmithCo somehow communicated a "particular purpose" to Haldex or that Haldex should have known of a "particular purpose," or that simply because Haldex should have known that SmithCo intended the same purpose for the substituted valve as it had for the old valve, Haldex should have known SmithCo's "particular purpose." Where all Haldex could have known about SmithCo's purpose for the old valve was its "ordinary purpose," that is, to use it for a purpose for which air control valves are customarily used, *see* IOWA CODE § 554.2315, cmt. 2; *Renze*, 418 N.W.2d at 637, knowing that SmithCo intended to use the substituted valve for the same purpose does not translate that purpose into a "particular purpose." To put it the other way around, nothing about intent to use the valve for the same purpose translates into a "particular purpose" as "a specific use by the buyer which is peculiar to the nature of his business." *Id.* Nor is there anything about the conversation between the SmithCo employee and the Haldex employee, as recounted by SmithCo, that generates a genuine issue of material fact that the Haldex employee had reason to know that SmithCo needed an air control valve with any *particular* specifications or exhaust rate. The nature of the

8

old air control valve is not sufficient to indicate that SmithCo needed a replacement air control valve with similar or identical specifications in all respects. *Cf. Bergquist*, 538 N.W.2d at 658 (nature of an engine, alone, was not sufficient to have alerted the seller that it was intended for mud racing purposes, even if it was clear that it was a racing engine). SmithCo's query about whether it had been sent the right valve, because it looked different from the old valve, was well short of a request for the "best product" to deal with a "specific problem," so that it was not enough to indicate a "particular purpose." *Renze*, 418 N.W.2d at 637.

The court need not determine precisely what, short of Haldex's knowledge that SmithCo intended to use the valve as an exhaust valve for an air suspension system in a side-dump trailer or that SmithCo needed a valve with a specific exhaust rate, would have been sufficient to attribute to Haldex a reason to know of SmithCo's particular purpose. This is so, because the record evidence here falls well short of showing *anything* that would have given Haldex sufficient reason to know of SmithCo's particular purpose. Because SmithCo has failed to generate a genuine issue of material fact on the "knowledge of particular purpose" element of its implied warranty claim, Haldex is entitled to summary judgment on that claim.

Because the court finds that Haldex is entitled to summary judgment on SmithCo's only remaining claim, the claim of breach of implied warranty of fitness for a particular purpose, without consideration of whether or not SmithCo's expert's testimony generates genuine issues of material fact on any element of that claim, the court finds it unnecessary to consider Haldex's Motion In Limine.

THEREFORE,

1. Haldex's January 29, 2010, Motion For Summary Judgment (docket no. 29) is **granted** as to SmithCo's only remaining claim of breach of implied warranty of fitness

for a particular purpose, and judgment as a matter of law in favor of Haldex shall enter on that claim.

2. Haldex's January 29, 2010, Motion In Limine (docket no. 27) is **denied as moot**.

FURTHERMORE, because all claims have been resolved by dismissal or summary judgment, **final judgment shall enter**.

**IT IS SO ORDERED.**

**DATED** this 28th day of April, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA